The next case that we'll hear this morning is United States v. Sletten. Case number 25-1267. Counsel for appellant, if you would make your appearance and proceed, please. Please, the court and counsel. Pardon me. My name is Tim Kingston. I appear on behalf of the appellant in this case, Marcus Sletten. Your honors, the appellant, or me on behalf of the appellant, would admit at the beginning of my argument that trial counsel did not perfectly argue or advocate below for a specific sentence in terms of number of months or years that he believed the defendant should have been sentenced to. However, it's equally clear, I think, as the record shows, that his attorney advocated and urged the district court to apply a lesser sentence than was given. He focused on give, essentially give the defendant a short sentence that focused on rehabilitation and focused on what the particular needs of the defendant were. Counsel, I'm sorry, but why is that obvious that he asked for a lesser sentence when, as I recall the presentation of the defense counsel, I thought he was essentially directing the court or asking the court to consider other 3553A factors, such as rehabilitation. But I don't recall him specifically asking for a lesser sentence. I would agree, Your Honor. He did not use those particular words. But I still, you know, and or say, Your Honor, I think this should be the number of months that the court ought to sentence the defendant to. But in this case, he knew, all the parties knew, that the pre-sentence report, based on Section 7 of the sentencing guidelines, recommended a four to ten month sentence, one that is well below, far below what Judge Kain ultimately sentenced the defendant to in the case. So I would say, in the context of the case, in the context of the short sentence that, and the rehabilitative sentence that the defendant's attorney was asking for, that he preserved the issue and would allow the appellant before this court to argue that the abuse of discretion standard applies and not the plain error standard. What I'm struggling with, though, is even if we accept or assume that counsel before in the trial court argued for a lower sentence, what I understand your argument, procedural reasonableness argument, to be here is a somewhat sophisticated argument. I mean, it's an argument that suggests that the court erred by disregarding the guidelines and that the court erred by essentially sentencing him for 24 months because it had promised him it would sentence him for 24 months again. You're nodding your head, so I'm encapsulating your argument, am I not? You are, Your Honor. Okay. Well, I don't see any signs of that in the sentencing proceeding that played out before the district court. So, I mean, even if I accept your premise that counsel below argued for a lower sentence, there is a chasm between lower sentence and these arguments that you're making, these theories that you're pursuing for procedural reasonableness here, right? Well, I respectfully disagree, Your Honor. As we both have stated, it's the appellant's position that he argued for a lower sentence. That then opens up the appellant to then argue what was the procedural error that occurred in the case. Well, he should have argued what the procedural error was to the district court so the district court could correct it, right? I would agree, and I don't have a perfect record to present to this court on appeal, but I still believe what this court has clearly and unequivocally stated in the Hartley case and in the Moore case, and the Moore case being absolutely on all fours with this case, is that when a judge, a sentencing judge, tells an appellant that if you, you know, are going to get this sentence, and then complies with what I use the term promise, and complies with that promise and sentences that appellant in that fashion, that violates both 355-3A, 355-3A, thank you, and procedural protections, due process protections. Well, whether it violates it or not, the court couldn't correct its error if it made an error unless you told them to correct it. I mean, as it stands, this notion that the 24-month sentence was a result of the promise, I'll use your word, well, if that were in fact true, all the defense counsel would have to say is, Your Honor, this sentence, this inflexible imposition of the promise is procedural error. I mean, that's what the rule is for, right, the preservation rule. I mean, as it is now, Judge Kain, I believe, didn't have an opportunity to change anything, right? Well, I think he, Judge Kain knowing the law, I won't go there. I will agree with you that the appellant's attorney in the court below did not at the end of the sentencing proceeding say, Your Honor, you've made a mistake of law, and your 24-month sentence is and was procedurally unreasonable. I would agree. I'm not going to, you know, try to make an argument other than that. But I still believe that this court can reach that. Counsel, I wanted to pick up on that thread. You just referenced the Moore case, that it was on all fours, and Moore is a plain error decision, and so in theory that could help you if, if you had in your opening brief said, We didn't object below, so the court reviews it for plain error. Here's what the four prongs are, and here's our argument for plain error. And then when the government says that you didn't do that, and they bring that to your attention, as I recall, you also didn't do that in your reply brief. So isn't there the preservation problem before the district court, and then the appellate waiver issue before this court? Well, Your Honor, I'm kind of, on two poles, there's an issue there. One is that the general rule is that if you don't argue, if the appellant's attorney doesn't argue plain error in the opening brief, and the government then, you know, points that out, then you can't argue it in the reply brief. Well, that's not really what our case law says, and oftentimes we'll see reply briefs where counsel will acknowledge that they had not made a presentation on plain error in the opening brief, but ask us to exercise our discretion to overlook that. And so we do have that discretion, but why would we exercise that discretion in a case where there's been no presentation by the appellant at all for plain error?  Well, I would fall back on our position, my client's position, that it's the abuse of discretion standard that applies, which is a lesser standard than the plain error standard. And if you look at how this case, how this appellant was sentenced in this particular manner, clearly shows that he violated, Judge Kain violated the defendant's procedural rights in the context of Hartley and in the context of Moore. And if the court were to accept my argument that the abuse of discretion standard applies, then clearly we don't have to meet those plain error requirements that Moore was focusing on. Rather, Moore straightforwardly says that a preordained sentence cannot be upheld on appeal. And this was clearly a preordained sentence that was given to this appellant. I take the word modify, the modifier clearly, but I'm having a hard time seeing where clearly actually fits here. I mean, even if you take it, assume it to be the case, and it probably was the case, that in the first resentencing, the court gave 24 months. Second resentencing, the court gave 24 months. Third, it gave 18 months. So it did not hold to the promise, to use your word, that it had articulated initially. And, therefore, in the fourth resentencing, the one at issue here, I don't see anything that suggests that the court actually said, hey, you know, I'm hearkening back to the promise that I made way, way back when, and I'm going to give you the 24 months because I promised to give it to you. It seems quite to the contrary. I mean, the court, in fact, acknowledges that the, if I'm not mistaken, the court acknowledged that the presentence report spoke of 24 months, but that that was not really what was going on here. Well, the risk of sounding facetious, three out of four times, I think, is supportive of our position. And, as I noted, and There was a break, and that break is a fairly salient one, is it not? Because if the court was, in fact, going to do this reflexive thing that we've talked about, then you would think it would have done it the third time, too. I understand the point, Your Honor. I did note in the appellant's brief that the third sentencing was 18 months, which itself was well beyond the repeated four- to ten-month recommendation that the PSR each time said ought to apply. Well, the court clearly did not agree with the guidelines that were set here, and, in fact, made a point of indicating that it was not inclined to follow them. But that's a very different thing, is it not? Well, let me ask you this question. Is part of your argument that the court procedurally erred because it flat-out did not consider, which is, I think, the language we use, the guidelines? That, but also, as set forth in Hartley and more in many cases before this Court, that in making the sentence, whether under 353A or procedural due process issues, that the sentencing court has to consider individually the circumstances of the defendant and what is before it? Now, well, that's the more argument. That's the one where the court sort of inflexibly said, irrespective of you, individual, I'm going to give you the promise that I said I was going to give you. Get that. That can be a stand-alone argument, is what I'm saying. I think the effect of that is that, yes, you ignore the guideline sentence, and maybe that's what you're arguing here, and that's what I'm trying to find out. Are you making a stand-alone argument that the court procedurally erred by disregarding the guidelines? In the context of this case, yes, because I would also add to that that I used the term boilerplate in the several briefs that I submitted, where the court made these, as I said, boilerplate allusions to what's the purpose of sentencing, to punish someone and to protect society. So I think those two matters put together demonstrate that it was procedural error. Could I just do a follow-up on the Chief Judge's question? At sentencing, and I'm going from the record here, the judge said, and I'm quoting, while the Supreme Court requires me to consider the advice given by the recommendation, meaning the guideline recommendation, I have considered it and I reject it for that reason. So I may have rejected the guideline recommendation, but doesn't that show that the court at least considered it? I would respectfully disagree, Your Honor, because in these three out of four. The court said, I have considered it. How did the court not consider it? What I'm saying, what I'm trying to say is the court considered the guidelines, but it had this wholesale rejection of the application of the guidelines. I cited that other case that's not part of this particular case to show another example of how this particular judge always does not want to consider the guidelines.  I recall that from your brief. Let me just switch gears to one other thing. Focusing on your substantive reasonableness argument, can you articulate what supports that argument apart from any procedural error points? In other words, have you got something other than procedural error to support your argument that the sentence is substantively unreasonable? Well, I get back to what I was saying or trying to say a moment ago, Your Honor, which is for substantive unreasonableness, first of all, we don't have to have preserved it in the way. No, I understand. It's on the table, but it seems like some of the things you're arguing are more procedural. So I'm looking for a non-procedural substantive reasonableness argument. It exactly dovetails with the procedural argument. Judge Kain did not consider these particular standards, that the substantive reasonableness standard requires. In other words, the defendant in front of him, what the nature of the violation of supervised release was, and how those factors should form the basis for the particular sentence of the defendant. Rather, he fell back on his promise to sentence this defendant to 24 months if he violated the terms of his supervised release. So are you saying the essence of your substantive reasonableness challenge is the sentence is a product of the court's disregard of any sort of 3553A weighing? Is that what you're saying? Yes, Your Honor. Okay. Thank you, Your Honor. My time is up. Good morning, Your Honors. Michael Johnson for the United States. We submit that if this Court addresses the merits of defendants' procedural and substantive reasonableness arguments, regardless of the standard, the defendant's sentence is procedurally and substantively reasonable. But if this Court can only reach the merit if the Court finds that there's been no waiver. So I'd like to discuss waiver. First, as to procedural reasonableness, we submit that there has been a waiver of that argument. There was no objection raised at the district court as to any aspect of the revocation proceedings. In the opening brief, appellant does not discuss the issue of preservation. He does not argue plain error. And in his reply brief, he does not argue plain error at all. He doesn't engage at all in the four-step plain error analysis in his reply brief. He does cite the Moore case, but Moore is distinguishable. The record in Moore shows that the district court preordained the sentence that it would later issue if the defendant were to violate probation. Here, there was a warning at the defendant's first revocation hearing that if he violated probation, he would receive a 24-month sentence. But as the chief judge pointed out, there was a break here. At the second revocation hearing, the district court did issue a 24-month sentence. But at the third revocation hearing, the district court determined initially that it may consider a 24-month sentence, but then found that it would not be proper to issue a 24-month sentence and instead issued an 18-month sentence. And then now in the fourth revocation hearing, there's no indication whatsoever in the record that the court remembered its initial warning and its initial admonition from the first revocation hearing. There's nothing that suggested the court issued the sentence here based in any part on what occurred at the first revocation hearing. Instead, the court here considered the facts in the law based solely on the current situation and the current violations of supervised release. And so consequently, Moore is an opposite, and we submit the procedural reasonableness argument is waived. I'd like to turn now to- Could I just ask you quickly, and I understand the argument you just made, but in terms of your understanding of what happened, did the sentencing judge reject the guidelines as a whole? Is the appellant correct in describing it that way? The court in this particular case found that the guidelines as they pertain to supervised release revocation proceedings should not be followed, and it stated the reasons why it was not following the guidelines. In all supervised release revocations or as applied to this one? It indicated it was not applying it as to this one. The appellant does not argue in his opening brief or in his reply brief that the court- that the district court never applies the guidelines ever in any supervised release revocation proceeding. He does cite one case in footnote three of his opening brief, which is the United States v. Evans case, but in that case the district court rejected the guidelines in Evans because it disagreed with the fraud guideline. But this case does not concern a fraud guideline, and the district court didn't reject the guidelines here based on any fraud guideline. The defendant's argument basically appears to be that the district court was required to discuss the advisory guideline range. It was required to discuss why the court was varying from the guidelines and explain the basis for the deviation, but the court did that here. It explained those issues. The court provided a sufficiently particularized discussion of each of the relevant 3553A factors, and we pointed out that the district court addressed five 3553A factors. You're talking about substantive reasonableness now, right? Yes. And each time the court discussed each of the particular 3553A factors, the court was inherently addressing the basis for deviating from the guideline range. So the court set forth the reasons why it was deviating from the guidelines. And Judge Matheson, in response to your question, the issue as to whether the district court in all cases regularly rejects the guidelines just wasn't presented. There was no objection to the guidelines range below. That particular issue was not raised in the briefing by the panel. I'm happy to address the merits of the case. I would point out just a few things here. My colleague argued just now that his procedural reasonableness argument, I'm sorry, that part of his substantive reasonableness argument is his argument that the court erred by rejecting the guidelines. But, again, that's not contained in his briefing to the court. And then as to other issues in the case, I'm happy to answer any questions that the court may have. We submit that as to the merits, the court properly issued a 24-month sentence. It did not commit a procedural reasonableness error. We addressed all the arguments that were raised in the opening brief in our answer brief as to procedural reasonableness. Those arguments are not addressed in the reply brief at all. And we submit as to substantive reasonableness, the district court properly considered the factors and issued a substantively reasonable sentence. It's clear that the district court here knew the defendant. It had handled his merits case. It had sentenced him in the underlying case. It had handled the three prior supervised release revocation proceedings. The court knew his history, the very long and tortured history of this particular defendant. And the court properly considered the relevant 3553 Act, 3553A factors and issued a proper sentence. Could I just, on the 3553A factors, the Supreme Court issued a decision in a case called Estoros, five days before the revocation hearing. And there the Supreme Court said that district courts cannot consider a certain 3553A factor, A2A, which is the seriousness of the offense. And we have decided a case recently, I think it was unpublished, that says courts aren't supposed to do that at sentencing. But it seems like this court was concerned about the seriousness of the underlying offense. Now, I understand this isn't, Estoros wasn't in the briefs, but I am interested in whether that would have been a problem here. I understand, Your Honor. I believe we addressed that in one of our footnotes in our answer brief. We did point out that the court briefly made a statement that could point to the A2 factor. But that doesn't suggest that the district court's sentence here was either procedurally or substantively unreasonable. Because it was a minor point and the district court discussed at length the other five relevant 3553A factors and opposing counsel does not raise that as an issue either in his opening brief or his reply brief. So that issue is waived. If the court has no further questions, we would ask that the matter be affirmed. Thank you, counsel. Thank you. Case is submitted.